UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT BLUESTONE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STEPHEN I. SADOVE, MARK W. ADDICKS, DONALD E. HESS, F. LANE CARDWELL, JR., KEVIN T. CLAYTON, JEFFREY J. O'NEILL, and JAMES F. HYATT, II,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　No. 3:18-cv-63-HSM-HBG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>REPORT AND RECOMMENDATION</u>**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Renewed Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel [Doc. 18]. The parties appeared before the Court on June 7, 2018, for a motion hearing. Attorneys Danielle Myers, David Wissbroeker, and Gerald Martin appeared on behalf of Plaintiff. Attorney John Hicks and Christopher Thorsen appeared on behalf of Defendants. Accordingly, for the reasons explained below, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 18**] be **GRANTED**.

**I.　BACKGROUND**

The parties agree on the following facts as set forth in their filings:

On October 16, 2017, Ruby Tuesday announced that it had entered into a definite merger agreement ("Merger Agreement") pursuant to which certain affiliates of NRD Capital Management ("NRD") would take Ruby Tuesday private for $2.40 per share ("Acquisition"). On

October 21, 2017, Ruby Tuesday filed a Preliminary Proxy Statement on Schedule 14A ("Preliminary Proxy").

On November 8, 2017, Marcell Maseman filed the first class action complaint, *Maseman v. Ruby Tuesday, Inc.,* No. 3:17-CV-478-HSM-CCS, alleging that defendants violated §§ 14(a) and 20 of the Securities Exchange Act of 1934 ("Act") and Securities Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder, in connection with the Acquisition ("*Maseman* Action"). Subsequently, eight other Ruby Tuesday stockholders filed related complaints, *Sun v. Ruby Tuesday, Inc.*, No. 3:17-CV-482; *Rosenfeld v. Ruby Tuesday, Inc.*, 3:17-CV-485; *Raul v. Ruby Tuesday, Inc.*, No. 3:17-CV-494; *Patterson v. Ruby Tuesday, Inc.*, No. 3:17-CV-495; *Breslau v. Ruby Tuesday, Inc.*, No. 3:17-CV-496; *Williams v. Ruby Tuesday, Inc.*, No. 3:17-CV-499; *Saile v. Ruby Tuesday, Inc.*, No. 3:17-CV-501; and *Baily v. Ruby Tuesday, Inc.*, No. 3:17-CV-511 (collectively, "Related Actions").

On November 16, 2017, Plaintiff Maseman issued the statutory notice of the pendency of his lawsuit in *PR Newswire* pursuant to the requirements in 15 U.S.C. § 78u-4(A). [Doc. 20-1]. A few days later, on November 21, 2017, Maseman filed a motion seeking consolidation of the Related Actions and appointment of interim lead plaintiff and interim lead counsel. In his motion, he requested that the Court grant his request prior to the deadline for any other class member to seek leave to serve as lead plaintiff under the PSLRA. Plaintiff Robert Bluestone filed an objection to Plaintiff Maseman's motion on the basis that the request was contrary to the PSLRA, which allowed putative class members sixty (60) days after the date on which notice is published to seek appointment as lead plaintiff.

On December 18, 2017, prior to the expiration of the sixty-day deadline, Maseman filed a notice of voluntary dismissal of his action. On January 16, 2018, Plaintiff Bluestone filed a motion

in *Sun v. Ruby Tuesday, Inc.,* No. 3:17-CV-482, seeking to consolidate the Related Actions and for appointment as lead plaintiff. Two days later, on January 18, 2018, the plaintiffs in the remaining Related Actions filed Stipulations of Dismissal. On February, 21, 2018, Plaintiff Bluestone filed his own Complaint. He did not publish notice with respect to his own Complaint.

## II. POSITIONS OF THE PARTIES

Plaintiff requests [Doc. 18] that he be appointed lead plaintiff in this lawsuit. He asserts that his Motion is timely, explaining that the statutory notice published in connection with the filing of the *Maseman* Action advised putative class members of the pendency of the action, the claims asserted therein, and the right to move the Court to be appointed as lead plaintiff within sixty (60) days.[1] Plaintiff asserts that because his Motion was filed within sixty (60) days, it is timely and that he is entitled to be considered for appointment as lead plaintiff. Further, Plaintiff explains that he has the largest financial interest in the relief sought by the class. Plaintiff states that he has 10,000 shares of Ruby Tuesday and that there are no other plaintiffs or putative class members that have timely evidenced a larger interest. In addition, Plaintiff states that he satisfies the typicality and adequacy requirements under Federal Rule of Civil Procedure 23. Finally, Plaintiff requests that the Court approve his selection of counsel.

Defendants object [Doc. 33] to Plaintiff's Motion, arguing that Plaintiff failed to comply with the notice requirements of the Private Securities Litigation Reform Act ("PSLRA"). Defendants assert that Plaintiff cannot rely on the notice filed in connection with the *Maseman* Action because neither the *Maseman* Action, nor any of the Related Actions, were pending at the time Plaintiff filed his Complaint. Defendants submit that a Ruby Tuesday stockholder who had

---

[1] The Court observes that Plaintiff attached a proposed order [Doc. 18-1], granting his Motion. Plaintiff is directed to Rule 4.9 of the ECF Rules and Procedures, which explains that "[o]rders not agreed to by all parties should **NOT** be included as an attachment to a motion or other request for relief." (Emphasis in original).

3

been keeping track of the lawsuits would have no reason to expect that another action would be filed and no reason to anticipate an additional opportunity to serve as lead plaintiff. Further, Defendants assert that Plaintiff is subject to unique defenses and cannot adequately represent the class. Defendants submit that despite Plaintiff's awareness of the alleged deficiencies with respect to the Proxy and his participation in the Related Actions, he did not seek injunctive relief to obtain additional disclosures for the shareholders and did not exercise dissenter's rights under state law. Defendants continue that it appears to be an issue of first impression whether such failure to act promptly, despite professed knowledge of the alleged deficiencies, might bar Plaintiff's claims by reason of laches or some other equitable doctrine.

Plaintiff filed a Reply [Doc. 34], arguing that Defendants' request for republication of the notice is contrary to the statute and is redundant. Plaintiff argues that the statute expressly provides that he is not required to republish notice and that his Complaint "is on behalf of the same putative class and alleges the same claims arising out other same merger against the same defendants as the prior nine complaints." [Doc. 34 at 8]. Plaintiff asserts that he was the only investor who timely moved for appointment as lead plaintiff. Further, Plaintiff argues that only members of the purported plaintiff class are permitted to challenge the appointment of lead plaintiff and that Defendants lack standing to oppose his renewed Motion. Finally, Plaintiff submits that even if Defendants had standing to challenge the appointment, their laches argument is contrary to precedent set forth by the United States Supreme Court.

### III.   ANALYSIS

The Court has considered the parties' filings and the oral arguments presented at the hearing. Accordingly, for the reasons explained below, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 18**] be granted.

4

Case 3:18-cv-00063-HSM-HBG   Document 48   Filed 07/06/18   Page 4 of 12   PageID #: 830

The Court will first address Defendants' argument that Plaintiff failed to comply with the notice requirements of the PSLRA. The Court will then turn to whether Plaintiff should be appointed to serve as lead plaintiff and whether his choice of counsel is able to conduct the litigation.

### A. Notice

As mentioned above, Defendants assert that Plaintiff failed to comply with the notice requirements of the PSLRA. Specifically, Defendants argue that Plaintiff failed to publish notice within twenty (20) days of filing his Complaint. Defendants assert that Plaintiff cannot rely on the November 2017 notice pursuant to the *Maseman* Action because the Related Actions were no longer pending at the time Plaintiff filed his Complaint. Defendants state that Plaintiff's reliance on the earlier-published notice runs contrary to the purpose of the PSLRA's notice requirement because it fails to inform putative class members of the pendency of this lawsuit.

Plaintiff responds that the statute expressly provides that he may rely on the notice published in connection with the *Maseman* Action and that the Complaint in the instant matter raises the same claims against the same defendants. Plaintiff asserts that he was the only investor who timely moved for appointment as lead plaintiff pursuant to the statutory notice.

The PSLRA states that within twenty (20) days of filing a complaint, a plaintiff "shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(3)(A)(i)(I). Further, no later than sixty (60) days after the date on which the notice is published, any member of the purposed class may move the court to serve as lead plaintiff of the purported class. 15 U.S.C. § 78u-4(3)(A)(i)(II). With respect to multiple actions, the PSLRA provides as follows:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

15 U.S.C. § 78u-4(3)(A)(ii). As one court has explained, the "twin goals of the PSLRA's class notice-provisions—notification of absent class members and judicial efficiency—conflict in the context of republication." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05 CIV. 1898 (SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005).

The Court acknowledges that the circumstances in this case are somewhat unique. Here, Plaintiff Maseman published the statutorily required notice on November 16, 2017, but dismissed his case on December 12, 2017, prior to the sixty-day deadline for other class members to request appointment for lead plaintiff. Plaintiff Bluestone then filed a motion in *Sun v. Ruby Tuesday, Inc.*, No. 3:17-CV-482, on January 16, 2018, within the statutory deadline, seeking to consolidate the Related Actions and for appointment as lead plaintiff. The plaintiffs in the Related Actions, however, dismissed their claims on January 18, 2018.

While Defendants assert that Plaintiff cannot rely on the notice that was published in *Maseman*, the Court disagrees under these unique circumstances. First, the language of the statute states that only the plaintiffs in the first filed action shall be required to publish notice. *See* 15 U.S.C. § 78u-4(3)(A)(ii). Further, during the sixty-day window, only one plaintiff sought appointment to serve as lead counsel—Plaintiff Bluestone. While Plaintiff Maseman dismissed his action prior to the sixty-day deadline, the Related Actions were still pending when Plaintiff filed his original motion, and they remained pending during the entire sixty-day window.

Finally, given the unique circumstances, the Court looks to analogous cases and the goals of the PSLRA in making its recommendation. For instance, in *Oklahoma Law Enforcement Retirement Sys. v. Adeptus Health Inc.*, four lawsuits were filed, alleging similar claims: (1)
6

*Oklahoma* class; (2) *Laborers'* Local Class; (3) *Kim* Class; and the (4) *Troll* Class. No. 4:17-CV-449, 2017 WL 3780164, at *1 (E.D. Tx. Aug. 31, 2017). Three groups sought lead plaintiff status, including Adeptus Investor's Group ("Adeptus"). *Id.* Specifically, two of the groups argued that Adeptus's motion seeking appointment as lead counsel was late. *Id.* at *2. Adeptus argued that it moved for lead plaintiff status in the *Kim* class and *Troll* class, making its motion timely. *Id.* Adeptus continued that it filed its motion within sixty days of the *Kim* notice. Id.

The court disagreed and found Adeptus's motion untimely. *Id.* at *3-4. The court explained that the purpose of the procedural requirements of the PSLRA "is to ensure that the lead plaintiff is appointed as early as possible, and to expedite the lead plaintiff process." *Id.* at *3. The court continued that generally "if a new or an amended complaint is filed, it is possible that a new notice and an additional sixty days is necessary." *Id.* The court stated, "Nevertheless, a new notice is not automatic because issuing a new notice after each new complaint or amendment could cause appointment of lead counsel [to] be delayed indefinitely and such result would clearly thwart the intent of the PSLRA." *Id.* The court explained that in cases where the complaint adds new claims, "fairness dictates" that notice should be republished because an entire class of potential lead plaintiffs are left out of the notice procedure. *Id.* The court stated that in this case, the *Kim* Class and the *Troll* class were later filed actions that did not necessitate publishing a new notice with a new sixty-day period. *Id.* The court held, "As such, all potential plaintiffs in the *Kim* Class and *Troll* Class had adequate notice to file a motion for appointment as lead plaintiff" and that "the appropriate time to respond was sixty days from the notice being published in the *Oklahoma* action." *Id.* Thus, Adeptus's motion was rendered late. *Id.*

Again, while the instant matter is different because the *Maseman* action was closed prior to the expiration of the sixty (60) days, the Court finds that the reasoning in the above case is

7

applicable. Specifically, the Court has considered whether fairness dictates that a new notice be published versus moving this matter in an expeditious manner. *See id.* at *3 (explaining that the purpose of the procedural requirements of the PSLRA is "to ensure that the lead plaintiff is appointed as early as possible and to expedite the lead plaintiff process"). The Court finds that fairness does not dictate that a new notice be published. The Court observes that Defendants rely on *Janovici v. DVI, Inc.*, 2003 WL 22849604, No. 2:03-CV-04795, 2003 WL 22849604 (E.D. Pa. Aug. 20, 2003), in support of their position. The Court finds, however, that requiring a new notice that advises putative class members of the same allegations against the same defendants of marginal value, especially when only one individual—that is, Plaintiff Bluestone—came forward during the sixty-day window. Accordingly, the Court finds Defendants' argument unpersuasive.[2]

### B. Lead Plaintiff

As mentioned above, Defendants also object to Plaintiff serving as lead plaintiff, arguing that he is subject to unique defenses and cannot adequately represent the class. Defendants submit that despite Plaintiff's knowledge of the alleged deficiencies, he did not request injunctive relief or exercise dissenter's rights pursuant to state law, which may bar his claims.

The PSLRA requires that all proposed lead plaintiffs submit a sworn declaration that provides as follows:

> **(i)** states that the plaintiff has reviewed the complaint and authorized its filing;
>
> **(ii)** states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's

---

[2] The Court observes that Plaintiff attached an order [Doc. 35-1] from the Western District of Kentucky, *Berg v. Pharmerica Corp.,* 3:17-CV-582, [Doc. 14] (W.D. Ky. March 29, 2018). Plaintiff asserts that the facts in *Berg* are identical to the instant matter. Specifically, in *Berg*, the plaintiff, in a later filed action, filed a renewed motion for appointment as lead counsel. Plaintiff took the position that the notice that was given in a previous case, which had already been closed, was sufficient under the PSLRA. In that case, however, no party objected, and it is not clear whether the court ruled on plaintiff's renewed motion. *See* [Doc. 35-1 at 2].

8

Case 3:18-cv-00063-HSM-HBG   Document 48   Filed 07/06/18   Page 8 of 12   PageID #: 834

      counsel or in order to participate in any private action arising under this chapter;

  **(iii)** states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

  **(iv)** sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

  **(v)** identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and

  **(vi)** states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. § 78u-4(2)(a)(i)-(iv). It is presumed that the most adequate plaintiff has: (1) either filed the complaint or made a motion in response to a notice; (2) the largest financial interest in the relief sought by the class during the proposed class period; and (3) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can be rebutted only when a class member offers proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

  In the instant matter, the Court presumes Plaintiff is the most adequate plaintiff to serve as lead plaintiff. Plaintiff filed a sworn declaration containing the required representations pursuant to 15 U.S.C. § 78u-4(2)(a)(i)-(iv). *See* [Doc. 20-2]. Further, the Court finds that Plaintiff timely filed his motion for appointment as lead counsel. In addition, Plaintiff has presented evidence that

he held 10,000 shares of Ruby Tuesday stock, and no other plaintiffs have come forward to rebut such evidence or evidenced a larger interest.

Finally, the Court finds that Plaintiff has satisfied the typicality and adequacy requirements. A claim is typical under Rule 23 if "it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 561 (6th Cir. 2007) (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1082 (6th Cir. 1996)). For the district court to conclude that the typicality requirement is satisfied, "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." *Beattie,* 511 F.3d at 561 (citing *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 525 n. 31 (6th Cir.1976)). With respect to adequacy, the purpose of such requirement is to ensure that there are no conflicts of interest between the purported lead plaintiff and the other class members. *Id.* at 562.

The Court finds that Plaintiff has demonstrated both requirements. Plaintiff held Ruby Tuesday stock at the relevant times and was eligible to vote on the Acquisition at issue in this case, and there are no conflicts of interest presented that would render Plaintiff inadequate to serve as lead plaintiff.

Defendants assert that Plaintiff cannot establish typicality or adequacy because Plaintiff is subject to unique defenses. Defendants argue that, for instance, Plaintiff had knowledge of the alleged deficiencies in the Proxy and failed to seek injunctive relief to obtain additional disclosures or exercise dissenter's rights. Defendants argue that the lack of action on Plaintiff's part, despite his knowledge, raises serious questions about his judgment.

As an initial matter, it is unclear if Defendants have standing to raise objections to the appointment of lead plaintiff. While the Sixth Circuit has not opined on this issue, other courts

have differed on whether defendants have standing to object. *Compare In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005) (explaining that the weight of the authority has denied defendants' right to challenge the appointment of the lead plaintiff, which "makes sense because defendants will rarely have the best interests of the class at heart"); *with King v. Livent, Inc.*, 36 F. Supp. 2d 187, 190 (S.D. N.Y. 1999) ("[N]othing in the text of the Reform Act precludes or limits the right of defendants to be heard on this issue."); *Howard Gunty Profit Sharing v. Quantum Corp.,* No. 96-cv-20711 (SW), slip op. at 7 (N.D. Cal. Feb. 1997) ("In sum, permitting defendants to make a limited facial challenge to a plaintiff's motion for appointment of lead plaintiff does not disrupt the statutory framework Congress set forth in § 78u–4(a)(3)(B)(iii). Rather it is consistent with the goal of alleviating the abuses of the class action device in securities litigation.").

Even if Defendants have standing to object to the appointment of Plaintiff Bluestone as lead counsel, which is questionable, the Court finds Defendants' arguments unpersuasive. *See In re Sequenom, Inc., Stockholder Litigation*, No. 16CV2054-JAH, 2017 WL 8941178, at *3 (S.D. Cal. Jan. 12, 2017) (rejecting the argument that the failure to seek injunctive relief sooner evidences the respective inadequacy of all other class plaintiffs). Further, Defendants did not provide any legal authority to support their position. Accordingly, the Court recommends that Plaintiff Bluestone be appointed as lead plaintiff in this instant action.

### C.     Choice of Counsel

The Court must also consider whether the counsel proposed by Plaintiff Bluestone are qualified, experienced, and generally able to conduct the litigation. *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir.2000). Plaintiff Bluestone has submitted documentation showing that the attorneys of Robbins Geller Rudman & Dowd, LLP, who will serve as lead counsel, are qualified, experienced, and generally able to conduct the litigation as lead counsel. *See* [Docs. 20-3].

11

Accordingly, the Court recommends that Robbins Geller Rudman & Dowd, LLP, be appointed as lead counsel in this matter. Further, the Court finds it appropriate to appoint Barrett Johnson Martin & Garrison, LLC, as local counsel in this matter.

IV.     **CONCLUSION**

Accordingly, for the reasons set forth above, the Court **RECOMMENDS**[3] Plaintiff's Renewed Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [**Doc. 18**] be **GRANTED**.

Respectfully submitted,

*[signature: Bruce Guyton]*

United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).