UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| ROBERT BLUESTONE, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| | ) Case No. 3:18-cv-63 |
| *Plaintiff,* | ) |
| | ) Judge Mattice |
| v. | ) Magistrate Judge Guyton |
| | ) |
| STEPHEN I. SADOVE, MARK W. ADDICKS, DONALD E. HESS, F. LANE CARDWELL JR., KEVIN T. CLAYTON, JEFFREY J. O'NEILL, and JAMES F. HYATT II, | )<br>)<br>)<br>)<br>) |
| | ) |
| *Defendants.* | ) |

# **ORDER**

This matter is before the Court on the Report and Recommendation (Doc. 48) of Magistrate Judge H. Bruce Guyton recommending that Plaintiff's Renewed Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. 18) be granted. Defendants timely filed their Objections to the Magistrate Judge's Report and Recommendation Granting Plaintiff's Renewed Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (Doc. 49). Defendants contend that Plaintiff did not comply with the notice requirements of the Private Securities Litigation Reform Act ("PSLRA") and that Plaintiff cannot adequately represent the putative class because he is subject to unique defenses. The Court has reviewed the Report and Recommendation, the parties' briefing, and the record related to this matter and agrees with Magistrate Judge Guyton's well-reasoned conclusions. The Court will **ACCEPT** and **ADOPT** the Report and Recommendation (Doc. 48) and Plaintiff's Motion (Doc. 18) will be **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties do not object to the Magistrate Judge's recitation of the facts and the Court concludes it is accurate. The pertinent facts as summarized by Magistrate Judge Guyton are as follows:

> On October 16, 2017, Ruby Tuesday announced that it had entered into a definite merger agreement ("Merger Agreement") pursuant to which certain affiliates of NRD Capital Management ("NRD") would take Ruby Tuesday private for $2.40 per share ("Acquisition"). On October 21, 2017, Ruby Tuesday filed a Preliminary Proxy Statement on Schedule 14A ("Preliminary Proxy").
>
> On November 8, 2017, Marcell Maseman filed the first class action complaint, Maseman v. Ruby Tuesday, Inc., No. 3:17-CV-478-HSM-CCS, alleging that defendants violated §§ 14(a) and 20 of the Securities Exchange Act of 1934 ("Act") and Securities Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder, in connection with the Acquisition ("Maseman Action"). Subsequently, eight other Ruby Tuesday stockholders filed related complaints, Sun v. Ruby Tuesday, Inc., No. 3:17-CV-482; Rosenfeld v. Ruby Tuesday, Inc., 3:17-CV-485; Raul v. Ruby Tuesday, Inc., No. 3:17-CV-494; Patterson v. Ruby Tuesday, Inc., No. 3:17-CV-495; Breslau v. Ruby Tuesday, Inc., No. 3:17-CV-496; Williams v. Ruby Tuesday, Inc., No. 3:17-CV-499; Saile v. Ruby Tuesday, Inc., No. 3:17-CV-501; and Baily v. Ruby Tuesday, Inc., No. 3:17-CV-511 (collectively, "Related Actions").
>
> On November 16, 2017, Plaintiff Maseman issued the statutory notice of the pendency of his lawsuit in PR Newswire pursuant to the

requirements in 15 U.S.C. § 78u-4(A). [Doc. 20-1]. A few days later, on November 21, 2017, Maseman filed a motion seeking consolidation of the Related Actions and appointment of interim lead plaintiff and interim lead counsel. In his motion, he requested that the Court grant his request prior to the deadline for any other class member to seek leave to serve as lead plaintiff under the PSLRA. Plaintiff Robert Bluestone filed an objection to Plaintiff Maseman's motion on the basis that the request was contrary to the PSLRA, which allowed putative class members sixty (60) days after the date on which notice is published to seek appointment as lead plaintiff.

On December 18, 2017, prior to the expiration of the sixty-day deadline, Maseman filed a notice of voluntary dismissal of his action. On January 16, 2018, Plaintiff Bluestone filed a motion in Sun v. Ruby Tuesday, Inc., No. 3:17-CV-482, seeking to consolidate the Related Actions and for appointment as lead plaintiff. Two days later, on January 18, 2018, the plaintiffs in the remaining Related Actions filed Stipulations of Dismissal. On February, 21, 2018, Plaintiff Bluestone filed his own Complaint. He did not publish notice with respect to his own Complaint.

(Doc. 48 at 1-3).

## II. STANDARD OF REVIEW

District Courts review *de novo* the portions of a report and recommendation to which timely objections are filed. *Fharmacy Records v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). As the Sixth Circuit has explained:

> Thus, § 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district

3

> court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the de novo standard.

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (internal citations omitted). The United States Supreme Court has further indicated that "in providing for 'de novo determination' rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz,* 447 U.S. 667, 676, (1980). "Moreover, the filing of an objection does not oblige the district court to ignore the report and recommendation; it requires the court to give fresh consideration to the finding objected to insofar as the objection impugns the integrity of the finding." *Fharmacy Records*, 465 F. App'x at 456.

Defendants object to the Report and Recommendation in two respects. First, Defendants object to the Magistrate Judge's finding that Plaintiff may rely on the notice published in the Maseman Action to satisfy the requirements of the PSLRA. Defendants identify specific reasoning and findings with which they disagree and the Court has therefore conducted a *de novo* review of this aspect of the Report and Recommendation. Second, Defendants object to the Magistrate Judge's determination that Plaintiff is the most adequate plaintiff to serve as lead plaintiff in this matter. Because Defendants fail to object with any specificity, *de novo* review of this recommendation is unwarranted and the Court will review it to determine whether it is clearly erroneous or contrary to law.

### III. ANALYSIS

#### A. Compliance with Notice Requirements of the PSLRA

Defendants object to the Magistrate Judge's finding that Plaintiff may rely on the notice published in the Maseman Action to satisfy the PSLRA's requirement that putative class members receive early notice of the suit. The statute provides:

> (i) Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class - -
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.
>
> (ii) If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause the notice to be published in accordance with clause (i).

15 U.S.C. § 78u-4(a)(3)(A)(i)-(ii). Thus, in order for Plaintiff to rely on the notice published in the Maseman Action, it must have been published in accordance with clause (i). Statutory notice was issued in the Maseman Action on November 16, 2017. (Doc. 20-1). The 60-day period expired on January 16, 2018, but the Maseman Action was dismissed a month prior, on December 18, 2017. (Doc. 48 at 2).

The Magistrate Judge found the notice sufficient under these "unique circumstances" and the Court agrees. (Doc. 48 at 6). Because the Related Actions were pending during the entire 60-day notice period, Plaintiff was entitled to rely on the notice filed in the Maseman Action as the first-filed case when he filed his initial motion for appointment as lead plaintiff. The statute does not require that subsequently-filed actions be consolidated or procedurally linked to the first action in order for that initial notice to be effective as to later-filed actions. The Magistrate Judge thus reasoned that the notice was effective as to the Related Actions and the full 60-day period ran prior to their dismissal, during which no other plaintiff sought appointment as lead plaintiff. The notice requirement was thus satisfied as to this action.

Defendants take issue with the Magistrate Judge's reasoning in several respects. First, to the extent Defendants argue that the Magistrate Judge erred in relying on *Oklahoma Law Enforcement Retirement System v. Adeptus Health, Inc.*, No. 4:17-cv-449, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017), that argument is without merit. The Magistrate Judge did not accord any precedential weight to this case and plainly acknowledged the factual differences between it and the present matter.

Substantively, Defendants argue that notice was insufficient because none of the Related Actions or the Maseman Action were pending when the instant case was filed. (Doc. 49 at 3-4). Defendants maintain that a stockholder who, at some unspecified time, accessed the court's docket based on the Maseman Notice would have concluded that there was no remaining opportunity to serve as lead plaintiff. (*Id.* at 4). This argument is speculative and premised on an overly-narrow interpretation of what constitutes notice. The statute on its face does not require the notice of suit to putative class members to include the civil action number of all related pending cases, nor does it require all related

6

cases to be simultaneously pending. It does not require the cases to be consolidated or otherwise procedurally linked in order for notice in the first-filed case to be effective as to later cases. Defendants' argument, if accepted, would thus invalidate notices that appear to be permitted by the PSLRA. Moreover, as a practical matter, the Related Actions, the Maseman Action, and the instant case were all filed in the Eastern District of Tennessee and name almost identical defendants. A stockholder who sought to investigate the Maseman Notice could have readily located all eight Related Actions and moved for appointment as lead plaintiff. No one but Mr. Bluestone did so. The notice was therefore proper as to the Related Actions when Bluestone filed his first motion for appointment, and by virtue of Plaintiff's renewed Motion, is sufficient now.

Defendants also argue that unlike the prior actions, this suit seeks monetary damages, which might motivate more stockholders to seek lead plaintiff status. (Doc. 49 at 4). First, it appears that monetary damages were sought in all the Related Actions. (Doc. 50 at 10-11). Second, the actions need not be identical for the notice in the first-filed action to extend to subsequently-filed cases. *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii) (allowing one notice for multiple actions "asserting substantially the same claim or claims arising under this chapter"); *Oklahoma Law Enf't Ret. Sys.*, 2017 WL 3780164 at *3 (new notice not required where later complaints expanded allegations but did not present entirely new factual or legal allegations).

Finally, Defendants argue the Motion must be denied because it was not made within 60 days of the Maseman Notice and is not a renewed motion. (Doc. 49 at 5-6); 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (motion must be filed "not later than 60 days after the date on which the notice is published"). Plaintiff does not assert that the instant Motion is independently timely, but rather relies on the timeliness of his first motion, couching the

instant Motion as "renewed." Defendants cite *Oklahoma Law Enforcement* for the proposition that "a motion for appointment as lead plaintiff cannot be supplemented or augmented beyond the sixty (60) day window established by the PSLRA." 2017 WL 3780164 at *4. There, the moving plaintiff "did not simply file an identical motion in the consolidated action for clarity, but expanded and changed its arguments" and sought slightly different relief. *Id.* The court therefore rejected the argument that the motion was "renewed" outside of the 60-day window as opposed to supplemented. *Id.* Here, Plaintiff seeks appointment as lead plaintiff on the basis of the same facts and for the same reasons set out in his original briefing. (*See Sun v. Ruby Tuesday, Inc., et al.*, Civil Action No. 3:17-cv-482 (Doc. 16)). In light of the purposes of the PSLRA, the Court will consider the instant Motion a renewal of Plaintiff's original motion for appointment as lead plaintiff. The Court determines that Plaintiff's original motion was timely-filed, renewal of the motion is permissible, and Plaintiff may therefore rely on the notice filed in the Maseman Action to satisfy the early notice requirements of the PSLRA. Defendants' objections in this regard are therefore **OVERRULED**.

> **B.** **Appointment as Lead Plaintiff**

Defendants next object to the Magistrate Judge's determination that Plaintiff is the most adequate plaintiff to serve as lead plaintiff. (Doc. 49 at 6). The PSLRA establishes a rebuttable presumption that the most adequate plaintiff in any action arising under the Act is the party that (i) has either filed the complaint or made a motion in response to the early class notice, (ii) has the largest financial interest in the relief sought by the class, and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). The statute further provides:

> The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff - -
>
> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Magistrate Judge Guyton found that Plaintiff had presented evidence that he held 10,000 shares of Ruby Tuesday stock and that no other plaintiff had evidenced a larger interest. (Doc. 48 at 9-10). The Magistrate Judge further found that Plaintiff had filed a sworn declaration with the representations required by 15 U.S.C. § 78u-4(2)(a)(i)-(v), timely filed a motion for appointment, and satisfied the typicality and adequacy requirements Federal Rule of Civil Procedure 23. (*Id.* at 9-11).

Defendants urge the Court to "reconsider the arguments raised in" their response in opposition to the Motion. (Doc. 49 at 8). The majority of this objection is devoted to arguing they have standing to object to Plaintiff's appointment, an issue Magistrate Judge Guyton considered but did not resolve or rely on in reaching his conclusion. (Doc. 49 at 6-7; Doc. 48 at 11). They argue without explanation that Plaintiff is subject to "several unique defenses." (Doc. 49 at 7). The Magistrate Judge considered this argument and found it unpersuasive, noting Defendants' failure to cite any legal authority in support of their position. (Doc. 49 at 11). Defendants next question Plaintiff's ability to represent the class in light of his purported procedural missteps. (Doc. 49 at 7).

It is well-settled that "a general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich.

2004). Defendants do not point to any particular error or misconstruction of authority in the Report and Recommendation. They simply disagree that Plaintiff should be appointed lead plaintiff in this action. Such a perfunctory objection is insufficient to trigger *de novo* review of the Magistrate Judge's recommendation on this issue. Moreover, Defendants' general arguments do not constitute "proof" sufficient to rebut the presumption that Plaintiff is the most adequate plaintiff as required by 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Magistrate Judge's findings of fact and conclusions of law with respect to the appointment of Robert Bluestone as lead plaintiff were not clearly erroneous or contrary to law and Defendants' objection will therefore be **OVERRULED**.

## IV. CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** as follows:

1. Defendants' Objections to the Magistrate Judge's Report and Recommendation Granting Plaintiff's Renewed Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (Doc. 49) are **OVERRULED**;

2. Magistrate Judge Guyton's Report and Recommendation (Doc. 48) is **ACCEPTED and ADOPTED**;

3. Plaintiff's Renewed Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. 18) is **GRANTED**; Robert Bluestone is appointed lead plaintiff and his selection of Robbins Geller Rudman & Dowd LLP as lead counsel is likewise. approved.

**SO ORDERED** this 14th day of November, 2018.

      */s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE